# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| SHAWN MURRELL, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. 18-CV-0341-JHP-FHM |
| JOE ALLBAUGH, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Petitioner Shawn Murrell, a state inmate appearing *pro se*, brings this 28 U.S.C. § 2254 habeas corpus action to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2013-370. In that case, Petitioner is serving two concurrent 20-year prison terms following his convictions for use of a vehicle to discharge a firearm and assault and battery with a dangerous weapon, both after former conviction of a felony. Petitioner claims he is entitled to federal habeas relief because (1) he was deprived of a timely direct appeal, through no fault of his own, (2) he was deprived of his right to the effective assistance of trial counsel, and (3) the trial court lacked subject-matter jurisdiction over his criminal prosecution. Before the Court is Respondent's motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations (Dkt. 8). Respondent filed a brief in support of his motion (Dkt. 9), and Petitioner filed a response (Dkt. 10). For the reasons discussed below, the Court grants Respondent's motion and dismisses the habeas petition.

## BACKGROUND

In August 2014, Petitioner entered a blind guilty plea, in the District Court of Tulsa County, Case No. CF-2013-370, on two charges: use of a vehicle to discharge a firearm, after former conviction of a felony, in violation of OKLA. STAT. tit. 21, § 652 (count 1); and assault and battery with a dangerous weapon, after former conviction of a felony, in violation of OKLA. STAT. tit. 21, § 645 (Count 2). Dkt. 9-1, Plea of Guilty/Summary of Facts, at 2-5. On October 13, 2014, the state district court sentenced Petitioner to serve a 20-year prison term for each conviction and ordered the sentences to be served concurrently, with no credit for time served. *Id.* at 6; *see also* Dkts. 9-2 & 9-3 (judgments and sentences). Petitioner did not move to withdraw his guilty plea or seek direct review by filing a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA).

Petitioner filed an application for post-conviction relief in state district court on May 21, 2015. Dkt. 1, Petition, at 3; Dkt. 9-4, First PCR Application, at 1. In that application, Petitioner claimed he was deprived of a timely appeal following his guilty plea, through no fault of his own, and sought leave to file an out-of-time certiorari appeal. Dkt. 9-4, at 2. He further alleged he had been deprived of his Sixth Amendment right to the effective assistance of counsel during his plea proceedings and he had been deprived of his Fourteenth Amendment right to due process because the trial court lacked subject-matter jurisdiction. *Id.* at 4-8. The state district court issued an order on September 28, 2016, recommending denial of Petitioner's request for leave to file an out-of-time certiorari appeal and denying Petitioner's application for post-conviction relief. Dkt. 9-5, Order Denying First PCR Application, at 1. Petitioner did not timely appeal the state district

court's decision.

On October 5, 2016, Petitioner filed a motion, under OKLA. STAT. tit. 22, § 982a, requesting review or modification of his sentence. Dkt. 9-9, Motion for 24-Month Judicial Review, at 1. The state district court denied the motion on November 2, 2016. Dkt. 9-10, Order Denying Motion for 24-Month Judicial Review, at 1.

Petitioner filed a second application for post-conviction relief on May 4, 2017. Dkt. 9-6, Second PCR Application, at 1. In his application, Petitioner sought leave to file an out-of-time post-conviction appeal challenging the state district court's denial of his first application for post-conviction relief. *Id.* at 2-4. On June 28, 2017, the state district court issued an order recommending Petitioner be allowed to file an out-of-time post-conviction appeal. Dkt. 1, Petition, at 4-5. By order filed July 28, 2017, in Case No. PC-2017-734, the OCCA granted Petitioner's request for leave to file an out-of-time post-conviction appeal. Dkt. 9-7, Order Granting Post-Conviction Appeal Out of Time, at 1-2. On November 21, 2017, in Case No. PC-2017-0841, the OCCA affirmed the state district court's order denying Petitioner's first application for post-conviction relief. Dkt. 9-8, Order Affirming Denial of First PCR Application, at 1-3.

Petitioner filed the instant federal habeas petition on June 28, 2018. Dkt. 1, Petition, at 1, 15-16.[1] He claims (1) he was deprived of a timely direct appeal, through no fault of

---

[1] The Clerk of Court received the habeas petition on June 29, 2018. Dkt. 1, at 1. However, Petitioner declares under penalty of perjury that he placed the petition in the prison's legal mail system on June 28, 2018, and the record supports that he affixed sufficient postage on that date. *Id.* at 15-16. Applying the prison mailbox rule, the Court deems the petition filed on June 28, 2018. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005).

his own, (2) he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, and (3) he was deprived of his Fourteenth Amendment right to due process because the trial court lacked subject-matter jurisdiction over his criminal prosecution. *Id.* at 5, 7-8. Respondent moves to dismiss the habeas petition as time-barred under 28 U.S.C. § 2244(d)(1). Dkt. 8, Motion to Dismiss, at 1; Dkt. 9, Brief in Support of Motion to Dismiss, at 1.

## *ANALYSIS*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

The one-year limitation period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). However, "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In other words, if a state prisoner files an application for post-conviction relief in state court after his one-year AEDPA deadline expires, the application has no tolling effect under § 2244(d)(2). *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

In addition, applications or motions seeking collateral review in state court must be "properly filed" to toll the one-year limitation period. 28 U.S.C. § 2244(d)(2). This means

4

the application or motion seeking collateral review must be filed in accordance with state-law filing requirements. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

Because the AEDPA's one-year limitation period is not jurisdictional, a district court may toll the limitation period for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To obtain equitable tolling, a state prisoner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" requiring the prisoner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

A. **The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

Respondent contends, and Petitioner concedes, the habeas petition is untimely. Dkt. 1, Petition, at 13; Dkt. 9, Brief in Support of Motion to Dismiss, at 1-8. The record supports the parties' agreement on this point. Applying 28 U.S.C. § 2244(d)(1)(A),[2] Petitioner's convictions became final on October 23, 2014, ten days after his sentencing hearing, when he did not seek to timely withdraw his guilty plea or file a certiorari appeal with the OCCA. *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (noting that Oklahoma law

---

[2] Like both parties, the Court confines its analysis to whether the petition is timely under § 2244(d)(1)(A). *See* Dkts. 1, 9, 10.

5

requires criminal defendant to seek to withdraw guilty plea within 10 days of sentencing if defendant intends to file certiorari appeal); Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2014) (requiring criminal defendant who plans to pursue certiorari appeal to file application to withdraw guilty plea within 10 days of sentencing). Petitioner's one-year limitation period thus began to run the next day, on October 24, 2014. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (explaining limitation period begins to run day after triggering event). Absent statutory tolling, Petitioner's one-year period expired on October 24, 2015.

**B. Statutory tolling does not render the petition timely.**

Respondent contends, and the Court finds, the petition is untimely even with the benefit of statutory tolling. Dkt. 9, Brief in Support of Motion to Dismiss, at 4-8. As discussed, Petitioner filed his first application for post-conviction relief on May 21, 2015. Dkt. 9-4, First PCR Application, at 1. By filing this application, Petitioner tolled the one-year period after 209 days had passed. *See* 28 U.S.C. § 2244(d)(2). The state district court denied his application on September 28, 2016, and Petitioner did not perfect an appeal within the applicable 30-day period. Dkt. 9-5, Order Denying First PCR Application, at 1; Dkt. 9-6, Second PCR Application, at 2-5; *see* Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016) (requiring party desiring to file post-conviction appeal to file notice of appeal within 10 days from date of district court order and file petition-in-error within 30 days from date of district court order; designating the 30-day period as jurisdictional). Petitioner's one-year period therefore resumed on October 29, 2016, the day after his 30-day statutory period for filing a post-conviction appeal

expired. *See Harris*, 642 F.3d at 906 n.6; *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (tolling the one-year limitation period during state statutory period for filing post-conviction appeal). Petitioner then had 156 days remaining in which to file a timely federal habeas petition.

As Respondent acknowledges, Petitioner filed a motion for judicial review on October 5, 2016, during his 30-day period for filing a post-conviction appeal. Dkt. 9, Brief in Support of Motion to Dismiss, at 5 n.2; Dkt. 9-9, Motion for 24-Month Judicial Review, at 1. Petitioner's motion for judicial review remained pending until November 2, 2016, when the state district court denied it because Petitioner had not obtained approval from the district attorney before filing the motion. Dkt. 9-10, Order Denying Motion for 24-Month Judicial Review, at 1. Respondent contends this motion had no tolling effect because it was not "properly filed." Dkt. 9, Brief in Support of Motion to Dismiss, at 5 n.2.[3]

As previously stated, "an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Bennett*, 531 U.S. at 8; *see also Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (stating that a "properly filed" application complies with filing requirements

---

[3] As Respondent states, the Tenth Circuit Court of Appeals has not resolved whether a motion filed under OKLA. STAT. tit. 22, § 982a is a motion for "collateral review" under § 2244(d)(2). *Id.*; *see Randall v. Allbaugh*, 662 F. App'x 571, 573 n.3 (10th Cir. 2016) (unpublished) (assuming § 982a motion tolls limitation period, but noting issue is unresolved in Tenth Circuit). Like Respondent, the Court will assume without deciding that the motion qualifies as an application for "collateral review" because, as discussed next, the Court agrees with Respondent that the motion was not "properly filed."

7

including: "(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion").

At the time of Petitioner's sentencing, in October 2014, § 982a(A) permitted a criminal defendant to seek judicial review and modification of a sentence "[a]ny time within twenty-four (24) months after the initial sentence [was] imposed." OKLA. STAT. tit. 22, § 982a(A) (2014). However, "[a]ny application for sentence modification that [was] filed and ruled upon beyond twelve (12) months of the initial sentence" had to first be "approved by the district attorney." *Id.* Here, the state district court denied Petitioner's motion because he did not obtain preapproval from the district attorney. Dkt. 9-10, Order Denying Motion for 24-Month Judicial Review, at 1. Under Oklahoma law, obtaining the district attorney's approval was a condition precedent to filing a motion for judicial review. *See Habteselassie*, 209 F.3d at 1211. Because Petitioner did not comply with this filing requirement, the Court finds his § 982a(A) motion was not "properly filed" and, thus, had no tolling effect. As a result, Petitioner's one-year limitation period resumed on October 29, 2016. With 156 days remaining, Petitioner had until April 3, 2017, to file a timely federal habeas petition.[4] He did not file the instant petition until June 28, 2018—over one

---

[4] Because the 156-day period would have expired on April 2, 2017, a Sunday, Petitioner had until April 3, 2017, the following Monday, to file a timely federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

8

year after his deadline expired.

Moreover, while Petitioner filed a second application for post-conviction relief on May 4, 2017, this application also had no tolling effect because it was filed after the April 3, 2017 deadline. *Clark*, 468 F.3d at 714; *Fisher*, 262 F.3d at 1142-43. This is true even though the OCCA ultimately granted Petitioner leave to file an out-of-time appeal to challenge the denial of his first application for post-conviction relief. *See Gibson*, 232 F.3d at 804 (explaining that the "state court's grant of leave to appeal out of time cannot erase the time period during which nothing was pending before a state court").

In sum, even with the benefit of statutory tolling, Petitioner's habeas petition is untimely.

**C.**     **Petitioner cannot overcome the time bar.**

Petitioner urges this Court to excuse the untimeliness of his petition for four reasons. None is persuasive.

    **1.**     **Jurisdictional claim**

First, Petitioner contends the time bar does not apply because he is "raising an issue involving the total lack of subject matter jurisdiction of the trial court to try [his] case." Dkt. 1, Petition, at 13; *see also* Dkt. 10, Response to Motion to Dismiss, at 4-5. He argues, "ALL jurisdictional issues can NEVER be forfeited or waived & MUST be addressed on their merits always." Dkt. 1, at 13; Dkt. 10, at 4-5. The Tenth Circuit Court of Appeals and the federal district courts in Oklahoma have rejected this argument. *See Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished) (rejecting habeas petitioner's argument that "subject matter jurisdiction can never be waived and therefore he can never

9

be barred from raising the issue" as "without support in the law" and concluding that "[a]s with any other habeas claim, [a claim that the trial court lacked jurisdiction] is subject to dismissal for untimeliness"); *McIntosh v. Hunter*, No. CIV-16-460-RAW-KEW, 2017 WL 3598514, at *3 (E.D. Okla. 2017) (unpublished) (rejecting habeas petitioner's argument that jurisdictional claim is not subject to AEDPA's time-bar); *Lockett v. Rudek*, No. CIV-11-184-R, 2011 WL 2634216, at *2 (W.D. Okla. 2011) ("There is no exception in 28 U.S.C. § 2244(d)(1)(A) for a habeas claim based on a trial court's alleged lack of subject matter jurisdiction, nor does [p]etitioner cite any federal case law which recognizes such exception."); *Walker v. Calbone*, No. 06-CV-294-TCK-SAJ, 2007 WL 845926, at *3 (N.D. Okla. 2007) ("Neither 28 U.S.C. § 2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law."). While none of these cases binds this Court, the Court finds them persuasive and rejects Petitioner's argument.

### 2. Suspension of the Writ.

Second, Petitioner contends dismissal of his petition as time-barred "amounts to an <u>illegal</u> suspension of the 'Great Writ' of federal habeas corpus." Dkt. 10, Response to Motion to Dismiss, at 1-2. The Tenth Circuit Court of Appeals has rejected this argument. *See Long v. Miller*, 541 F. App'x 800, 802 (10th Cir. 2013) (unpublished) ("[T]he claim that AEDPA's limitations period violates the Suspension Clause has been squarely rejected by this court."). Accordingly, the Court rejects the argument here.

### 3. Inapplicability of § 2244(d)(1)

Third, Petitioner argues § 2244(d)(1)'s one-year statute of limitations does not apply to him because it was adopted as part of the Antiterrorism and Effective Death Penalty Act,

10

and he is neither a terrorist nor subject to the death penalty. Dkt. 10, Response to Motion to Dismiss, at 2. This argument is creative. Nevertheless, § 2244(d)(1) plainly states the "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Petitioner is in state custody and seeks to challenge the constitutional validity of his state-court judgment through his § 2254 habeas petition. Dkt. 1, Petition, at 1-10. Thus, the one-year statute of limitations plainly applies.

　　　　4.　　　**Equitable tolling**

Fourth, Petitioner contends he is entitled to equitable tolling because he diligently pursued his federal claims even when faced with extraordinary circumstances. Dkt. 10, Response to Motion to Dismiss, at 2-4. As previously stated, a state prisoner cannot obtain equitable tolling of the one-year period unless he demonstrates (1) he diligently pursued his federal claims and (2) extraordinary circumstances prevented him from filing a timely federal habeas petition. *See Pace*, 544 U.S. at 418 (identifying diligence and extraordinary circumstances as "two elements," both of which must be established to obtain equitable tolling). Based on Petitioner's own timeline, the Court questions whether he was sufficiently diligent in pursuing his claims. *See* Dkt. 10, Response to Motion to Dismiss, at 3 (identifying three roughly seven-month periods of inactivity between the date Petitioner's convictions became final and the date he filed the instant habeas petition). Regardless, even assuming Petitioner diligently pursued his federal claims, he fails to describe any extraordinary circumstances that prevented him from filing a petition before his April 3, 2017 deadline.

Petitioner seeks equitable tolling for three time periods. First, he claims between the date his one-year period commenced, October 24, 2014, and the date he filed his first application for post-conviction relief in state district court, May 21, 2015, he tried to find help, but there were no trained or experienced law clerks available to help him. Dkt. 10, Response to Motion to Dismiss, at 3. Second, he claims between the date his 30-day period to file a post-conviction appeal with the OCCA expired, October 28, 2016, and the date he filed his second application for post-conviction relief, May 4, 2017, he was unable to communicate with the inmate "legal assistant" who previously helped him because they lived in different compounds within the prison facility. *Id.* at 3-4. Third, he claims between the date the OCCA denied his out-of-time post-conviction appeal, November 21, 2017, and the date he filed the instant habeas petition, June 28, 2018, he attempted to find an attorney to prepare and file the federal habeas petition but neither he nor his family had the funds to hire an attorney. *Id.* at 4.

As the Court understands Petitioner's claims, Petitioner seeks equitable tolling because he was pursuing state and federal post-conviction remedies without help from experienced inmate law clerks or an attorney. Generally, it is not extraordinary for state prisoners to have limited access to law libraries or other legal resources, to have limited legal knowledge and training, or to seek federal habeas relief as a *pro se* litigant. *See, e.g.*, *Garcia v. Hatch*, 343 F. App'x 316, 318-19 (10th Cir. 2009) (unpublished) (rejecting petitioner's arguments that the State's alleged failure to "provide him with access to a law library and adequate legal assistance from other prisoners" rendered him "incapable of filing a timely habeas petition"); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)

12

(noting well-established rule that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). The Court thus finds no basis to equitably toll any portion of the first two time periods falling with in the one-year period in which Petitioner claims he could not obtain assistance from inmate law clerks. Further, because his efforts to find an attorney did not occur until well after his April 3, 2017 deadline, equitable tolling is simply unavailable for the third time period Petitioner describes.

Petitioner also suggests the state district court prevented him from filing a timely federal habeas petition when it denied his first application for post-conviction relief, on September 26, 2016, "and then denied Petitioner his right to timely file his post-conviction appeal, as evidenced by the OCCA's ORDER granting him an out-of-time appeal" on June 28, 2017. Dkt. 10, Response to Motion to Dismiss, at 4. Petitioner's argument is not clear, but appears to be based on a misunderstanding of the state court post-conviction proceedings. As previously discussed, the state district court denied Petitioner's first application for post-conviction relief on September 28, 2016, and Petitioner did not perfect an appeal within the applicable 30-day period. Dkt. 9-5, Order Denying First PCR Application, at 1; Dkt. 9-6, Second PCR Application, at 2-5. Notably, Petitioner's one-year period for filing a federal habeas petition was statutorily tolled from the date he filed his first application for post-conviction relief, May 21, 2015, until the date the 30-day period for filing post-conviction appeal expired, October 28, 2016. Thus, to the extent Petitioner seeks equitable tolling of the 30-day period he had to file a timely post-conviction appeal with the OCCA, there is no reason to equitably toll the 30-day period

because it was already tolled under § 2254(d)(2). In any event, Petitioner alleges no facts demonstrating the state district court delayed delivery of the order denying his first application for post-conviction relief or otherwise prevented Petitioner from filing a timely post-conviction appeal with the OCCA. Dkt. 10, Response to Motion to Dismiss, at 4. Moreover, on October 5, 2016, within his 30-day statutory period for filing timely post-conviction appeal, Petitioner was able to file, albeit not properly, a motion for judicial review in state district court. Dkt. 9-9, Motion for 24-month Judicial Review, at 1. Thus, to the extent he suggests he lacked access to the state courts, the record belies his suggestion.

In sum, the Court finds no basis to support equitable tolling of the one-year limitation period.

## *CONCLUSION*

Petitioner failed to file his 28 U.S.C. § 2254 petition for writ of habeas corpus within the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). This is true even when the Court applies 28 U.S.C. § 2244(d)(2)'s statutory tolling provision. In addition, the Court rejects Petitioner's arguments that the one-year limitation period does not apply and that his circumstances warrant equitable tolling of the one-year limitation period. The Court therefore grants Respondent's motion to dismiss and dismisses the petition, with prejudice, as time-barred. Because the Court finds reasonable jurists would not debate the procedural dismissal of Petitioner's habeas petition, the Court also denies a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(1)(A); Rule 11, *Rules Governing Section 2254 Cases in the United States*

*District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss (Dkt. 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice** as time-barred.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 15th day of May 2019.

James H. Payne
United States District Judge
Northern District of Oklahoma